## Dietz v. Mock.

1. **Title: CLOUD UPON: ACTION FOR PURCHASE MONEY.** The fact that the title to land has been questioned, or even assailed in court, does not constitute a good defense to an action for the purchase money. It is possible that after judgment the issuance of an execution might be enjoined until the defendant had a reasonable time to prosecute an action for the removal of the cloud.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 13.

ACTION to foreclose a mortgage executed to one Miller. The plaintiff is the indorsee of Miller. The defendant filed a cross-petition, in which he averred that the mortgage was given to secure a balance of the purchase money of the land mortgaged; that he received from Miller a deed of warranty, with full covenants; that Miller represented that the title was perfect and clear, and especially that the claim of the Des Moines Navigation & R. R. Co. had been settled in court; that he relied upon the statements, but that they were false and fraudulent. The cross-petition further avers that the State of Iowa conveyed the land to the Des Moines Navigation & R. R. Co; that said company conveyed it to the Iowa Land and Loan Co., and the latter company conveyed it to one E. C. Litchfield, who claims to own it, and threatens to commence an action for its recovery; that defendant has commenced an action in the Circuit Court of Polk county against Litchfield to quiet title, which suit he will prosecute as rapidly as possible; that defendant is unable to say whether Litchfield's title is superior to his or not; that plaintiff purchased the notes with knowledge of the facts; that Miller is insolvent, and that if defendant's title should fail, and the plaintiff be allowed to recover, he would be without remedy. He therefore prays that the plaintiff be enjoined from the further prosecution of this action until the determination of the defendant's suit against Litchfield.

To the cross-petition the plaintiff demurred, and the demurrer was sustained, to which ruling the defendant excepted.

The defendant then answered, setting out substantially the same facts as contained in the cross-bill, but without prayer for affirmative relief. The cause was tried upon the issues thus joined, and upon the evidence offered by the parties. Decree for plaintiff. Defendant appeals.

*W. W. Williamson*, for appellant.

*McHenry & Bowen*, for appellee.

ADAMS, J. The fact that the title to land has been questioned, or even assailed in court, will not constitute a good

**1. TITLE: cloud upon: action for purchase money.** defense to an action brought for the purchase money. Courts have held, it is true, that where a cloud rested upon the title at the time it was sold, a judgment for the purchase money should not be enforced against the land until the cloud is removed. *Gay v. Hancock*, 1 Randolph, 72; *Miller v. Argylis*, 5 Leigh, 460. We know of no decisions which have gone further. The plaintiff, then, was entitled to a decree. If at the time the decree was obtained the cloud still remained, the issuance of an execution might, perhaps, have been enjoined until the defendant had had a reasonable time in which to bring and prosecute to final termination an action to remove the cloud. The injunction at the time it was applied for was properly denied.

AFFIRMED.